Ronald L. SMITH, Appellant

v.

William J. HENDERSON, Postmaster General, United States Postal Service; Adolph Testa; Michael Brown; William Mills, Individually and in Their Official Capacity

No. 01–3698.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) June 25, 2002.

Filed July 3, 2002.

Before ALITO, AMBRO, and GARTH, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Ronald Smith, a former employee of the United States Postal Service, claims that, in violation of 42 U.S.C. § 2000e–3(a) ("Title VII"), he was terminated in retaliation for a complaint he filed with the postal facility's Equal Employment Office two years earlier. The District Court granted summary judgment to the defendants, and we affirm.

Because we write only for the benefit of the parties, who are familiar with this case, we omit the factual background.[1] The three elements of the prima facie case for retaliation under Title VII are well-settled: (1) the complainant engaged in a protected employee activity, (2) the employer took an adverse employment action after or during the protected activity, and (3) that adverse action is causally linked to the protected activity. *See Weston v. Pennsylvania*, 251 F.3d 420, 430 (3d Cir.2001).

If the plaintiff establishes the prima facie case, the defendant may rebut the claim by proffering a legitimate, non-discriminatory reason for the adverse action. Once this reason is proffered, the burden shifts back to the plaintiff to show that the proffered reason is merely pretextual. *See Jones v. School Dist. of Philadelphia*, 198 F.3d 403, 410 (3d Cir.1999). The plaintiff must then put forward sufficient evidence to satisfy the standard in *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

We conclude that Smith failed to establish a prima facie case of retaliation. Even if he had, Smith also failed to produce evidence that would allow a reasonable fact-finder to reject as pretextual the legitimate, non-discriminatory reason proffered by the Postmaster General. Both failures are fatal to Smith's claim. Therefore, we affirm the order of the District Court.

JUDGMENT

This cause came to be heard on the record from the United States District Court for the Eastern District of Pennsylvania and was submitted under Third Circuit LAR 34.1(a) on June 25, 2002.

After careful review, it is hereby ORDERED and ADJUDGED that the order

---

1. Because Smith brought this action pursuant to a federal statute. 42 U.S.C. § 2000e *et seq.* (Title VII of the 1964 Civil Rights Act), the District Court had jurisdiction under 28 U.S.C. § 1331. Following the District Court's final order an August 30, 2001, this Court has jurisdiction under 28 U.S.C. § 1291.

of the District Court below is AF-FIRMED.